IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK FONTROY,** | ) | |
| Plaintiff, | ) | Civil Action No. 09-303JOHNSTOWN |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| **MICHAEL TURNER, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the instant civil action be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b) due to Plaintiff's failure to prosecute this case.

By separate Order filed this day, the pending dispositive and non-dispositive motions [ECF Nos. 78, 79, 82, and 83] are dismissed as moot.

**II.  REPORT**

**A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, originally filed this civil rights action on November 30, 2009. In the six-page Original Complaint, Plaintiff alleged:

> On November 26th, 2007, Capt. Turner, Sgt. Lester, Lt. Wilt and C/O Locker, [sic] confiscated numerous boxes containing legal pleadings, notes of testimony, books, and files, and notes, drafts and memorandums of law. These legal materials were confiscated and destroyed in retaliation fot [sic] Plaintiff's continuing ongoing litigations against defendants and their superiors.
>
> On a continuing bases [sic] since August 10th 2007 Plaintiff has been subjected to a total deliberate indifferent [sic] of medical treatment in regards to dialysis [sic]

1

> treatment and medical attention. The physical plant, machines, supplies and other equipment constitute inadequate, meaningless and ineffective dialysis unit where twenty six (26) inmates died in 2008 and twenty (20) inmates died in 2009. These acts were also, [sic] committed in retaliation of Plaintiff continuing litigations. The Defendants responsible for such conduct is [sic] Dickin, Koveleski, and Lasheen, Salammi, and Jeffrey Beard.
>
> In retaliation for Plaintiff filing grievances and lawsuits against SCI Laurel Highlands prison officials, Fontroy, has and continue to be subject to harassment by way of bogus misconduct report, daily cell searches, damage to and continuing illegal confiscation of personal and legal properties without due process and equal protection of law by Joseph DuPont, J. Ritneour, Turner, D.Huaberson.

ECF No. 3, page 3. Originally named as Defendants were: Captain Turner; Sgt. Laster; Correctional Officer Locker; Koveleski; Lasheen; Salammi; Beard; DuPont; Ritneour; and Huaberson.[1] As relief, Plaintiff sought "injunction and damages, and cost with attorney fees." Id. at page 6. This Court ordered service of the complaint by the U.S. Marshal Service and the docket reflects that these original Defendants have been served.

Since the filing of the Original Complaint, Plaintiff has "supplemented" this lawsuit several times. See ECF Nos. 14, 14-1, 17, 46, 65, and 65-1. Each of these "supplemental pleadings" has significantly changed the claims raised as well as the parties named. Indeed, most of the supplemental filings are unrelated in time, legal theory, and identity of parties. For example, the First Amended Complaint (ECF Nos. 14 and 14-1) consists of two separate complaints and differs entirely from the Original Complaint. The document filed as ECF No. 14 purports to be a complaint against three Defendants (Salameh, Lechene, and Kowalewski) challenging Plaintiff's ongoing medical care from October of 2008 through October of 2010.

---

[1] Dickin is named as a defendant within the body of the Original Complaint, but Plaintiff failed to list his name in the caption and the Clerk of Courts did not list Dickin as a party on the docket. Many other individuals have been named in the subsequently filed pleadings, but Plaintiff has not included their names in the captions of his pleadings. Consequently, the Clerk of Courts has not added these individuals to the docket and this Court has not directed service of the supplemental pleadings on these individuals.

Meanwhile, the document filed as ECF No. 14-1 purports to be a separate complaint (naming Burns, Pleacher, Turner, Wilt, Vogel, Locker, Livingood, Smith and Janidlo) complaining about alleged violations of Plaintiff's First and Fourteenth Amendment rights for events that occurred on August 27, 2010 (which completely postdates the filing of the Original Complaint). The Supplemental Complaint filed at ECF No. 17 (and filed only two weeks after the Supplemental Complaint at ECF No. 14) is once again a completely unrelated complaint challenging alleged incidents of the use of excessive force, denial of medical care, and violations of due process and names Pedrow, Camisa, Koren, DuPont, Weaver, Turner, Pleacher, Salameh, Kowalewski, Smith, Vincent Burns Locker and Janidlo. Plaintiff's filings at ECF Nos. 46, 65 and 65-1 are equally dissimilar and unrelated.

Beginning in December of 2010, after the filing of the Supplement to the Complaint [ECF Nos. 14 and 14-2], the second Supplement to the Complaint [ECF No. 17], and the self-captioned "Supplemental Fourth Amended Complaint" [ECF No. 46], this Court directed Plaintiff to file a single comprehensive complaint. ECF No. 53. The Order directed that:

> Plaintiff file a comprehensive complaint containing all claims he wishes to pursue and naming all Defendants against whom he wishes to proceed. **This complaint must contain all claims and all Defendants as it will be a stand-alone document.** Plaintiff's comprehensive complaint must be filed before January 18, 2011. Failure to comply with this Order may result in the dismissal of this action due to Plaintiff's failure to prosecute.

Id. (emphasis in original).

After two extensions of time, Plaintiff filed an Amended Complaint on March 22, 2011. ECF No. 65 and 65-1. Once again, this filing contained two separate complaints. The filing at ECF No. 65-1 is identical to Plaintiff's filing at ECF No. 46.[2]

---

[2] Additionally, Plaintiff filed a motion for class certification seeking to represent:

3

Defendants filed motions to strike the Amended Complaint, which were granted by this Court. This Court issued the following Order on April 11, 2011:

> Plaintiff is hereby ORDERED to file a single comprehensive complaint before May 2, 2011. **This comprehensive complaint must contain all the claims and all the defendants as it will be a stand-alone document.** The complaint must contain a caption that lists all of the defendants against whom Plaintiff wishes to pursue his legal claims. The complaint must not reference other previously filed complaints or supplements to complaints. Plaintiff's failure to comply with this Order will result in the dismissal of this action for failure to prosecute.

ECF No. 74 (emphasis in original).

Again, Plaintiff sought an extension of time in which to file the pleading, and this Court granted that motion. By Text Order dated May 6, 2011, this Court directed that Plaintiff's Comprehensive Amended Complaint was due by June 1, 2011 and indicated that no further extensions of time would be granted. Once again, this Court cautioned that Plaintiff's failure to comply could result in the dismissal of this action for failure to prosecute.

By Text Order dated May 26, 2011, District Judge Sean J. McLaughlin ordered Plaintiff to "file an amended complaint consistent with the directives set forth in the Magistrate Judge Order dated April 11, 2011, on or before June 27, 2011."

On June 27, 2011, Plaintiff filed the Amended Complaint, which consists of five separate complaints. See ECF Nos. 77, 77-1, 77-2, 77-3, and 77-4.

---

> [A] class of persons who are or who may in the future be incarcerated by and in the facility at Muncy in the absence of relief, have been or will be treated in the manner set forth below. And in Plaintiff Fontroy complaints consisting of adequate mental health, and medical treatments. As a result of such treatments, the members of this class are or will be subjected to cruel and unusual punishment and deprived of other constitutional rights. Plaintiff Fontroy, therefore seek declaratory and injunctive relief to eliminate Defendants' action, policies, and practices which work constitutional wrongs.

ECF No. 64.

4

The caption of the Comprehensive Amended Complaint [ECF No. 77] lists the following as Defendants to this action: Michael Turner; Jaward Salameh; Jeffrey Beard; Danial [sic] Burns; DiGuglielmo; Kryseving; Vaughn; Stickman; Burk; Wilt; Bitner; DuPont; Jane Doe; John Doe; John Moe; John Hoe; Kowalewski; Nightingale; Locker; Vogel; Livingood; Smith, Janidlo; Nurse Camisa; CO Koren; CO Debo; Marty Vincent; Weaver; Sgt. Pedrow; Tim Pleacher; Richard Ellers; and Robinson. ECF No. 77. Despite this Court's warning that the caption must list all Defendants against whom Plaintiff wished to pursue his legal claims, once again, the parties identified within the body of the complaint are not the same as the parties listed in the caption.[3]

The Comprehensive Amended Complaint lists Aaron Wheeler and Theodore Savage, inmates at SCI-Graterford and SCI-Cresson, respectively, as co-Plaintiffs, and purports to be filed on behalf of a class. However, as the pleading does not include the signature of either Wheeler or Savage, the Clerk of Court has not added either name to the docket as a party to this action. See Local Rule 10.

The Comprehensive Amended Complaint is a compilation of the previously filed pleadings. ECF No. 77 is a copy of ECF Nos. 46 and 65; ECF No. 77-1 is a copy of ECF No. 14-1; ECF No. 77-2 is a copy of ECF No. 17; ECF No. 77-3 is a copy of ECF No. 14. ECF No. 77-4 is a new complaint.

### B. *Poulis* Analysis

---

[3] In ECF No. 77, the Department of Corrections is named as a Defendant at ¶ 6, but Plaintiff did not identify it as such in the caption. In ECF No. 77-1, Turner, Vogel, Livingood, Smith, and Janidlo are named within the body of the complaint, but were not included in the caption. In ECF No. 77-2, Pedrow, Camisa, Koren, DuPont, Weaver, Turner, Salameh, Smith, Vincent, and Janidlo are named, but Plaintiff did not list their names in the caption.

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

There is no "magic formula" for balancing the so-called Poulis factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010) citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). While this Court recognizes that dismissals with prejudice are "drastic sanctions," applying the Poulis factors to the present matter, dismissal of this matter is recommended. Doe v. Megless, 654 F.3d 404, 411-12 (3d Cir. 2011) quoting Poulis, 747 F.2d at 867.

### 1) Extent of Personal Responsibility

This first *Poulis* factor weighs heavily in favor of dismissal. Plaintiff has been repeatedly directed to file a single all-inclusive complaint with a correct caption. Moreover, this Court has provided ample warning to Plaintiff that his failure to comply would result in the dismissal of this action. After repeated orders, Plaintiff has not complied. Plaintiff is proceeding *pro se* and

therefore bears full responsibility for any failure in the prosecution of his claims. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.).

### 2) Prejudice to the Adversary

In this case, the prejudice to the adversary cannot be overstated. Plaintiff's repeated supplemental filings have complicated and significantly delayed this matter.

The original Defendants to this action have filed dispositive motions against the complaint *du jour* only to have those motions dismissed as moot in light of the filing of an amended complaint. With the filing of each new complaint, Plaintiff alters the landscape of this case. The original Defendants have been attempting to defend this continually changing action for over two years.

Due to Plaintiff's repeated failure to comply with this Court's directives to file a comprehensive amended complaint, many of Plaintiff's adversaries do not yet even know about this case. This case is over two years old, yet no service has even been attempted on many of the numerous parties named throughout Plaintiff's pleadings.[4]

The inability to proceed in the normal course requires this Court to find that both the original Defendants and the numerous proposed Defendants are substantially prejudiced by Plaintiff's ongoing and continual failure to prosecute this case according to the Federal Rules of Civil Procedure.

---

[4] There has been no service on the following: Department of Corrections; DiGuglielmo; Kryseving; Burns; Vaughn; Stickman; Burk; Bitner; Randell; John Hoe; John Doe; John Moe; Jane Hoe; Jane Doe; Jane Moe; Nightingale; Pleacher; Paul; Borosky; Riskus; Beers; Wilt; Carter; Walter; and Woodson. This list is not all-inclusive.

### 3) History of Dilatoriness

Plaintiff filed this case over two years ago and he has ignored the orders and directives of this Court to properly prosecute his claims.

### 4) Willful or bad faith acts by Plaintiff

This Court finds that Plaintiff's continual failure to comply with its directive to file an all-inclusive complaint is willful and in bad faith. Especially indicative of Plaintiff's bad faith is the fact that the long-awaited Comprehensive Amended Complaint (ECF No. 77 – 77-4) is a compilation of previously filed documents which have been re-marked with new dates and patched together despite a difference in claims, defendants, time periods, and issues.

### 5) Effectiveness of Alternative Sanctions

As to the fifth *Poulis* factor, no alternate sanctions are appropriate. Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent *pro se* parties, such as Plaintiff Fontroy. See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).

### 6) Meritoriousness of Claims or Defenses

Generally, courts use the standard for a Rule 12(b)(6) motion to dismiss to decide if a claim is meritorious. Briscoe, 538 F.3d at 263. A claim or defense will be considered meritorious if the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or constitute a complete defense. Id.; Poulis, 747 F.2d at 869-70. In Briscoe, the district court found that the plaintiff's claims had some merit because they cleared the summary judgment phase and were sufficient to proceed to trial. 538 F.3d at 263. Conversely, where a

plaintiff raises a facially meritorious claim but the defendant raises a *prima facie* defense, the meritoriousness factor may not weigh in the plaintiff's favor and may be considered neutral. Emerson, 296 F.3d at 191.

Here, this factor is neutral as it is impossible for this Court to determine whether Plaintiff's numerous claims have any merit at all, whether they are filed out of time, and whether there is jurisdiction in this court to hear them. It is possible that at least some of Plaintiff's claims have some merit.

In sum, as five of the six Poulis factors weigh heavily in favor of dismissal of this action, this Court recommends the dismissal of this case. This Court has repeatedly attempted to give this *pro se* Plaintiff the benefit of the doubt in accordance with Haines v. Kerner and its progeny.[5] However, in light of Plaintiff's non-cooperation in the efforts to move this case forward, this Court's patience has ended. It is not this Court's responsibility to sift through Plaintiff's filings in an attempt to determine which statements are his legal claims and which persons named throughout the papers are to be named defendants (and whether they have been

---

[5] *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

9

served).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that that the instant civil action be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b) due to Plaintiff's failure to prosecute this case.

By separate Order filed this day, the pending dispositive and non-dispositive motions [ECF Nos. 78, 79, 82, and 83] are dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 13, 2012